# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　　 )　　3:14-cr-00003-RLY-CMM-7<br>vs. )<br>　　　　　　　　　　　　　　　　　 )<br>DUWAN McKINNEY, )<br>　　　　Defendant )| |

## REPORT AND RECOMMENDATION

On May 19, 2021, the Court held a hearing on the Petition for Warrant for Offender Under Supervision filed on July 7, 2020 [Doc. 412]. Duwan McKinney ("Defendant") appeared with his attorney, Michael Donahoe, FCD counsel, on behalf of Gwendolyn Beitz, FCD counsel. The Government appeared by Kyle Sawa, Assistant United States Attorney. U. S. Probation appeared by Officer Ross Carothers. This matter is heard on a referral from U.S. District Judge Richard L. Young. The Defendant was advised that any recommendation from a magistrate judge was subject to review, acceptance, or rejection by the District Judge, who retains ultimate authority to adjudicate these matters.

The defendant originally appeared via video conference for an initial hearing on January 20, 2021, during which he waived a detention hearing but deferred a decision with respect to a probable cause hearing. The defendant waived the probable cause hearing at the outset of the May 19, 2021, hearing and advised the Court that he would admit one of the violations set forth in the petition.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

1. The Court advised Defendant of his rights and provided him with a copy of the petition. Defendant, by counsel, waived his right to a preliminary hearing.

2. After being placed under oath, Defendant admitted Violation 1 and denied Violation 2. The Government did not object to the denial of Violation 2.

3. The allegation to which Defendant admitted, as fully set forth in the petition, is:

**Violation**
**Number**   **Nature of Noncompliance**

1. "You must not commit another federal, state or local crime."

    According to Indianapolis Metropolitan Police Department Detective Eric Amos, police were dispatched to 4523 W. Perry St., Indianapolis, Indiana, on July 4, 2020, on the report of a burglary. When police arrived, they found one of the victims in critical condition with a head wound. He was transported to the hospital where he was unconscious and placed on a ventilator. His injuries include a broken mandible, various facial fractures and a dissected carotid artery. Two witnesses were present during the altercation.

    According to the witnesses, the offender pushed in the air conditioner unit and entered the residence. He opened the door to the bathroom upstairs and saw a witness, then looked at the victim laying in the bed. The offender ran and jumped on the bed and began punching the victim.

    Formal charges in Marion County are anticipated for Burglary, a level 2 felony, and Aggravated Assault, a level 3 felony.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade **A** violation.

    (b) Defendant's criminal history category is **IV**.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **37 to 46 months** imprisonment.

5.  The Government seeks a guidelines sentence; counsel for the defendant argued for a 24-month sentence. Neither the Government nor the defendant argued for an extension of supervised release.

6.  The Magistrate Judge, having considered the factors in 18 U.S.C. §3553(a), and as more fully set forth on the record, finds that:

(a)  The Defendant violated conditions of supervised release and made a knowing, intelligent, and voluntary admission after advice of counsel;

(b)  The parties argued their respective positions on disposition to the Court;

(c)  The Magistrate Judge has considered the factors set forth in 18 U.S.C. 3553(a)(1) [nature and circumstances of the offense and the history and characteristics of the defendant, here, the remarkably violent assault perpetrated by the defendant that was charged in state court and resulted in an executed sentence of six years (five in the Indiana Department of Correction, one on home detention) pursuant to a plea agreement], (a)(2)(B) [affording adequate deterrence to criminal conduct, here, consideration of the underlying offense that left the victim unconscious and on a ventilator for a time with injuries that included a fractured mandible, various other facial fractures, and a dissected carotid artery], (a)(2)(c) [to protect the public from further crimes of the defendant], (a)(2)(D) [to provide the Defendant with needed correctional treatment, i.e., substance abuse counseling and anger management counseling], (a)(4), (a)(5) [not applicable here], (a)(6) [the need to avoid unwarranted sentence disparities among defendants with similar records], and (a)(7) [not applicable here];

(d)  The Magistrate Judge recommends that the defendant be sentenced to a term of imprisonment of 37 months. This is the low end of the guideline range. The

3

Magistrate Judge concurs with the recommendations of all parties that no further supervised release be required for the defendant.

(e) In making this recommendation, the Magistrate Judge considered the following factors:

a) The defendant testified that the assault resulted from the rage he felt regarding the treatment of his child. Nevertheless, the fact that the defendant had entered into a plea agreement on an aggravated assault charge while on federal supervised release is an overarching consideration.

b) The defendant has received a significant sentence in state court. The parties advised that these sentences would necessarily be served consecutively and any sentence imposed by this Court would extend an already lengthy term of incarceration ordered by the state court pursuant to the plea agreement. For that reason, the Magistrate Judge concurs that a sentence at the lower end of the guidelines range is appropriate. At the same time, the Magistrate Judge concludes there is insufficient evidence to justify a deviation from the guidelines below that range solely because of the state court sentence (to which the defendant agreed).

c) The Magistrate Judge concurs with the recommendation of defense counsel that the Bureau of Prisons enroll the defendant in appropriate substance abuse and anger management counseling.

d) The defendant requested, and the Magistrate Judge recommends BOP placement at Terre Haute for more convenient access to the support of family.

## **Recommendation**

The Magistrate Judge respectfully recommends the Defendant be sentenced to 37 months in the custody of the U.S. Bureau of Prisons and that no term of supervised release be incorporated in the sentence. The Court recommends placement at Terre Haute to the extent practicable. The Court should further dismiss Violation 2 on the petition.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The Defendant is ordered detained pending the District

Judge's review of the report and recommendation. The parties were advised of the 14-day period within which to appeal this report and recommendation.

Dated: June 1, 2021

                                           *[signature]*
                                           CRAIG M. McKEE, Magistrate Judge
                                           United States District Court
                                           Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system